FILED
JAN 20 2006
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CR. NO. 2:06CR 015-A |
| ) | [18 USC 1623] |
| JERRY STINSON ) | |
| ) | **INDICTMENT** |

The Grand Jury charges:

## COUNT 1

1. On or about the 30th day of November, 2005, in Montgomery County, in the Middle District of Alabama, JERRY STINSON, while under oath as a witness in a case then being heard before the United States District Court for said District entitled UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly made a material declaration which was inconsistent with a prior material declaration made by JERRY STINSON, while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the Middle District of Alabama, such material declarations being inconsistent to the degree that one of them is necessarily false.

2. It was material to each of the proceedings described in paragraph 1 to determine whether Jerry Stinson had given money to the said Tyrone White at anytime.

3. On or about the 3rd day of August, 2005, the defendant, Jerry Stinson, while appearing as a witness under oath before the federal grand jury in the Middle District of Alabama, knowingly testified with respect to a material matter as follows:

"Q. After Officer White told you it would cost $500, what did you do?

A. Okay. I thought about it; and I said, well. I mean, I had my job; I didn't want to go to

jail. And that's what I thought I was facing, jail time. So I saved up the money. And I saw him again. He patroled. This time, he was – instead of on the end of Bragg, he was right by Sanders and Carry Woods. And I talked to him right there. And I had the money. I only had $450 at the time, you know. That's all I had was 450 at the time. And he told me it would take 500. And so what I done after that, I got the other $50 up to make it 500; and I got that to him about two weeks after that."T. 9, lines 5-17.

4. On or about the 30th day of November, 2005, the defendant, Jerry Stinson, while under oath as a witness in UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly testified with respect to a material matter as follows:

"Q. No, would it be correct that he obtained-that you obtained-excuse me–that Mr. White obtained money from you?

A. On no, he didn't. " (T.32, line 25- T.33, line 3). ; and

"Q. So it would not be true, as you have stated just a moment ago, what's stated in this count one of the indictment that you gave any money to Mr. White?

A. It isn't true. (T.33, lines 16-19).

5. The underscored material declarations of the said JERRY STINSON quoted in paragraph 3 and 4 herein were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made.

All in violation of Title 18, United States Code, Section 1623.

## COUNT 2

1. On or about the 30th day of November, 2005, in Montgomery County, in the Middle District of Alabama, JERRY STINSON, while under oath as a witness in a case then being heard before the United States District Court for said District entitled UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly made a material declaration which was inconsistent with a prior material declaration made by JERRY STINSON, while testifying under oath in a proceeding before a duly empaneled and sworn grand jury for the United States District Court for the Middle District of Alabama, such material declarations being inconsistent to the degree that one of them is necessarily false.

2. It was material to each of the proceedings described in paragraph 1 to determine whether Jerry Stinson had met or spoken with the said Tyrone White at anytime.

3. On or about the 3rd day of August, 2005, the defendant, Jerry Stinson, while appearing as a witness under oath before the federal grand jury in the Middle District of Alabama, knowingly testified with respect to a material matter as follows:

"Q. After Officer White told you it would cost $500, what did you do?

A. Okay. I thought about it; and I said, well. I mean, I had my job; I didn't want to go to jail. And that's what I thought I was facing, jail time. So I saved up the money. And I saw him again. He patroled. This time, he was – instead of on the end of Bragg, he was right by Sanders and Carry Woods. And I talked to him right there. And I had the money. I only had $450 at the time, you know. That's all I had was 450 at the time. And he told me it would take 500. And so what I done after that, I got the other $50 up to make it 500;

3

and I got that to him about two weeks after that."T. 9, lines 5-17.

4. On or about the 30th day of November, 2005, the defendant, Jerry Stinson, while under oath as a witness in UNITED STATES VS. TYRONE WHITE, Criminal Action Number 3:05-CR-234, knowingly testified with respect to a material matter as follows:

"Q. Okay. Now – And in paragraph six you say that you swear you never had any dealings with Tyrone White, although you know him from seeing around but you had never spoken to him as of that time, is that correct?

A. That's correct. I have never, ever had a conversation with Tyrone. Never." (T.31, lines 16-21).

5. The underscored material declarations of the defendant, JERRY STINSON, quoted in paragraph 3 and 4 herein were irreconcilably contradictory and were material to the point in question in each of the proceedings before which such declarations were made.

All in violation of Title 18, United States Code, Section 1623.

A TRUE BILL:

*[signature]*
Foreperson

*[signature]*
LEURA GARRETT CANARY
United States Attorney

*[signature]*
K. David Cooke, Jr.
Assistant United States Attorney

4