IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. NO. 2:06CR015-WHA |
| | ) | |
| JERRY STINSON | ) | |

**GOVERNMENT'S BRIEF IN SUPPORT OF ITS
MOTION IN LIMINE TO EXCLUDE DURESS DEFENSE**

COMES NOW the Government, and files this its *Brief in Support of its Motion in Limine to Exclude Duress Defense*. In support of said motion, the Government offers the following:

**Facts**

The defendant is charged with two violations of 18 U.S.C. § 1623, *False Declarations Before a Court or Grand Jury*, for statements made before a grand jury on August 3, 2005, and statements made in a motion hearing on November 30, 2005. During the motion hearing, the defendant testified that he made a false statement to the Auburn Police Department implicating Tyrone White, and subsequently testified verifying that statement before a federal grand jury on August 5, 2005. The defendant also testified that he made the "false" statement because Lt. Willie Smith of the Auburn Police Department threatened him with an arrest warrant, and he feared the arrest and jail time would cause him to lose his job. (*Transcript of Motion Hearing*, at p. 27, 30, 31, 32, 40, 41, 58, attached and incorporated by reference as Ex. "A"). The defendant further testified that he never revealed to the United States Attorney's Office or any other agency his supposed fears or his allegation that he had been coerced into making a false statement (*Transcript* at p. 47, 57). Finally, the defendant testified that he had grown up around Lt. Smith's family, that he had known him for years, and that he voluntarily went to lunch with Lt. Smith and

FBI Agent Paul Houston the day the defendant testified before the grand jury. (Transcript p. 62-65). At no time during the hearing did the defendant give any indication that he ever feared he would suffer immediate death or serious bodily injury if he failed to testify, and at no time did he ever report his claim of duress or coercion to any law enforcement agency.

Since that time, counsel for defendant has indicated the defendant will be presenting a defense of duress at trial.

## ARGUMENT AND CITATION OF AUTHORITY

Because the defendant has never feared that he would suffer immediate death or serious bodily injury, he cannot offer a defense of duress. See, *United States v. Nickels*, 502 F.2d 1173, 1177 (7th Cir. 1974), *cert denied*, 426 U.S. 2237 (1976), holding that the duress defense was properly excluded where the defendant could not show that he reasonably feared immediate death or serious bodily injury that could only be avoided by committing the act charged. *See Also*, *United States v. Alzate*, 47 F.3d 1103 (11th Cir. 1995); *United States v. Herre*, 930 F.2d 836 (11th Cir. 1991); and *United States v. Lee*, 694 F. 2d 649 (11th Cir. 1983), holding that, to establish duress, the defendant must show he acted under an immediate threat of death or serious bodily injury, that he had a well-grounded fear that the threat would be carried out, and that he had no reasonable opportunity to escape or call the police; and *United States v. Baily*, 444 U.S. 394 (1980), holding that a defendant is not entitled to offer evidence of a defense of duress unless he can establish all of the elements.

## CONCLUSION

Because the defendant cannot establish the required elements to prove duress, evidence that he felt threatened with arrest from the police is irrelevant, and could only serve to unduly and unfairly prejudice the jury against the government. The defendant's evidence in this regard

should therefore be suppressed, unless and until the defendant can establish, outside the presence of the jury, that he has credible evidence that tends to prove the elements of duress required by law.

Based on the forgoing, the Government respectfully requests that its Motion in Limine be granted.

Respectfully submitted this 19th day of June, 2006.

                                    LEURA G. CANARY
                                    UNITED STATES ATTORNEY

                                    s/ K. David Cooke, Jr.
                                    K. DAVID COOKE, JR.
                                    Assistant United States Attorney
                                    One Court Square, Suite 201
                                    Montgomery, AL 36104
                                    Phone: (334)223-7280
                                    Fax: (334)223-7135
                                    E-mail: david.cooke@usdoj.gov
                                    GA Bar ID 184584

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR. NO. 2:06CR015-WHA |
| | ) | |
| JERRY STINSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard Keith, Esq.

Respectfully submitted,

/s/K. David Cooke, Jr.
K. DAVID COOKE, JR.
Assistant United States Attorney
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334)223-7280
Fax: (334)223-7135
E-mail: david.cooke@usdoj.gov