IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr015-WHA |
| | ) | |
| JERRY STINSON | ) | |

**<u>UNITED STATES' PROPOSED JURY INSTRUCTIONS</u>**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the following Jury Instructions be given to the jury in the above-styled case.

Respectfully submitted this the 19th day of June, 2006.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ K. David Cooke, Jr.
    K. DAVID COOKE, JR.
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail: david.cooke@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr015-WHA |
| | ) | |
| JERRY STINSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard Keith, Esq.

Respectfully submitted,

/s/K. David Cooke, Jr.
K. DAVID COOKE, JR.
One Court Square, Suite 201
Montgomery, AL 36104
Phone: (334) 223-7280
FAX: (334) 223-7135
E-mail: david.cooke@usdoj.gov

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 2.2

**DUTY TO FOLLOW INSTRUCTIONS**

**PRESUMPTION OF INNOCENCE**

**(WHEN ANY DEFENDANT DOES NOT TESTIFY)**

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, the Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove his innocence or produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find the Defendant not guilty.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 2

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 3

**DEFINITION OF REASONABLE DOUBT**

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 3

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 4.2

**CONSIDERATION OF THE EVIDENCE, DIRECT AND CIRCUMSTANTIAL –**

**ARGUMENT OF COUNSEL AND COMMENTS BY THE COURT**

As I said earlier, you must consider only the evidence that I have admitted in the case. The term "evidence" includes the testimony of the witnesses and the exhibits admitted in the record. Remember that anything the lawyers say is not evidence in the case. It is your own recollection and interpretation of the evidence that controls. What the lawyers say is not binding upon you. Also, you should not assume from anything I may have said that I have any opinion concerning any of the issues in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision concerning the facts.

In considering the evidence you may make deductions and reach conclusions which reason and common sense lead you to make; and you should not be concerned about whether the evidence is direct or circumstantial. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 4

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 5

**CREDIBILITY OF WITNESSES**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 6.6

**INCONSISTENT STATEMENT AND FELONY CONVICTION**

**(DEFENDANT TESTIFIES WITH FELONY CONVICTION)**

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

The fact that a witness has been convicted of a felony offense, or a crime involving dishonesty or false statement, is another factor you may consider in deciding whether you believe that witness.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

A Defendant has a right not to testify.  If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 6

Adapted from Eleventh Circuit Pattern Jury Instructions, Criminal

**Instruction 60, False Declaration before a Grand Jury**

Title 18, United States Code, Section 1623, makes it a Federal crime or offense for anyone to make a false statement under oath while appearing as a witness before a Federal court or grand jury.

1. The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

    *First*: That the Defendant made the subject declarations during testimony given while the Defendant was under oath as a witness before a federal court or Grand Jury, as charged;

    *Second*: That the subject declarations were inconsistent to the degree that one of them is necessarily false;

    *Third*: That the declarations concern some material matter before the respective court and Grand Jury proceedings; and

    *Fourth*: That such testimony was knowingly and willfully given by the Defendant as charged.

Testimony is false if it was untrue when it was given and was then known to be untrue by the witness or person giving it.

The Government is not required to specify which declaration in each count is false, if:

(1) each declaration was material to the point in question; and

    (2) each declaration was made within the period of the statute of limitations for the original offense charged in this section.

The statute of limitations for this offense is 5 years from the date of the offense.

    The making of a false statement is not an offense unless the falsity relates to a "material" fact. A misrepresentation is "material" if it has a natural tendency to affect or influence, or is capable of affecting or influencing, the exercise of the Grand Jury's or court's decision making process. The test is whether the false statement had the capacity to impair or pervert the functioning of the court or Grand Jury. In other words, a misrepresentation is material if it relates to an important fact as distinguished from some unimportant or trivial detail. It is not necessary for the Government to prove, however, that the court or Grand Jury was, in fact, misled or influenced in any way by the false statement.

    In reviewing the testimony that is charged to have been false, you should consider that testimony in the context of the series of questions asked and answers given, and the words used should be given their common and ordinary meaning unless the context clearly shows that a different meaning was mutually understood by the questioner and the witness.

    If you should find that a particular question was ambiguous or capable of being understood in two different ways, and that the Defendant truthfully answered one reasonable interpretation of the question under the circumstances presented, then such answer would not be false. Similarly, if you should find that the question was clear, but the answer was ambiguous, and that one reasonable interpretation of the answer would be truthful, then the answer would not be false.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 7

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 9.2

**ON OR ABOUT – KNOWINGLY (ONLY)**

**(WHEN WILLFULNESS OR SPECIFIC INTENT IS NOT AN ELEMENT)**

You will note that the indictment charges that the offense was committed "on or about" a certain date. The Government does not have to prove with certainty the exact date of the alleged offense. It is sufficient if the Government proves beyond a reasonable doubt that the offense was committed on a date reasonably near the date alleged.

The word "knowingly," as that term is used in the indictment or in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 8

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 11

**DUTY TO DELIBERATE**

Any verdict you reach in the jury room, whether guilty or not guilty, must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 9

Eleventh Circuit Pattern Jury Instructions, Criminal

Basic Instruction No. 12

**VERDICT**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court. A form of verdict has been prepared for your convenience.

[Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.