IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr015-WHA |
| | ) | |
| JERRY STINSON | ) | |

**UNITED STATES' PROPOSED VOIR DIRE QUESTIONS**

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, and respectfully requests that the Court propound the following Voir Dire Questions on the jury venire in the above-styled case.

Respectfully submitted this the 19th day of June, 2006.

    LEURA G. CANARY
    UNITED STATES ATTORNEY

    /s/ K. David Cooke, Jr.
    KARL DAVID COOKE, JR.
    Assistant United States Attorney
    One Court Square, Suite 201
    Montgomery, AL 36104
    Phone: (334) 223-7280
    Fax: (334) 223-7135
    E-mail address: david.cooke@usdoj.gov

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:06cr015-WHA |
| | ) | |
| JERRY STINSON | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on June 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Richard Keith, Esq.

        Respectfully submitted,

        /s/K. David Cooke, Jr.
        K. DAVID COOKE, JR.
        One Court Square, Suite 201
        Montgomery, AL 36104
        Phone: (334) 223-7280
        FAX: (334) 223-7135
        E-mail: david.cooke@usdoj.gov

1. You may hear evidence that this case involves an investigation into the activities of former Auburn Police Department Officer Tyrone White. Based on the information you have heard in Court today concerning this case, have any of you heard or read anything about this case on television, radio or in the newspaper?

If so, based on what you have heard or read, have you formed any opinion as to the guilt or innocence of the defendant?

If so, based on what you have heard or read, have you formed an opinion as to what, if anything, really happened?

Do you feel that, based on what you have heard or read, you cannot determine the guilt or innocence of the defendant solely on the evidence introduced at trial?

2. Have any of you discussed any aspect of this case with anyone who claimed to have some special knowledge of what actually occurred?

If so, with whom and under what circumstances? What knowledge did this person claim to have? Have you formed some opinion based on what this person told you?

3. Does any member of the panel know Jerry Stinson, Tyrone White, Adam Floyd, or any member of their families, or any friends of theirs, on either a personal, business, or professional basis?

If so, who, and in what capacity?

If so, are you able to put aside feelings resulting from such knowledge, regardless of whether they are favorable or unfavorable to Jerry Stinson, or to any member of his family or friend of his, and decide this case solely upon the evidence?

4. Does any member of the panel know any of the witnesses in this case, or any member of their family, or friends, on either a personal, business, or professional basis?

5. Has any member of the panel had any dealings with the Auburn Police Department or the Federal Bureau of Investigation?

6. Do you or any or your friends or relatives know any of the attorneys in these cases? If so, who and how?

7. Do you know any other members of the jury panel? If so, who and how?

8. Has any member of the panel, or have any of your friends or relatives, ever had any dealings with the FBI or the Auburn Police Department?

If so, please explain.

10. Does any member of the panel have a strong opinion about the FBI or the Auburn Police Department?

11. Do each and every one of you understand that during the course of the trial an attorney is not permitted to speak to the jurors and, therefore, if you see an attorney in the hall or on the street, you should not hold it against the attorney if he or she does not acknowledge you or speak to you?

12. Has any member of the panel, or a relative or close friend ever been employed by a law firm or other organization which participates in the defense of criminal cases?

If so, please state their names, the type of law they practice and the location of their practice.

If a relative was or is so employed, do you often discuss their jobs with them?

13. Other than a traffic ticket, has any member of the panel ever had an unpleasant experience involving law enforcement?    If so, please explain.

14. Has any member of the panel, or a relative or close friend, ever been a witness to a crime?

If so, what type of crime and when did it occur? Was the case prosecuted?

Did you or your relative or close friend testify? With regard to your participation in the case, was there anything in your dealings with the police, the court, the prosecutor, or the defense lawyer that left you unhappy or unsatisfied? Please elaborate.

What was the result?

Were you satisfied with the result?

15. To admit to having some sympathy for the defendant or the government in this case is nothing to be ashamed of and does not reflect badly upon you as a person. However, both the government and the defendant are entitled to have this case heard by a fair and impartial jury that will decide the case solely according to the evidence admitted in this Court and according to the Court's instructions on the law. The law provides that the jury may not be governed by sympathy, prejudice, or public opinion. With this in mind, do any of you have any reason why you would be unable to give either the government or the defendant a fair trial based solely upon the evidence admitted at the trial and the instructions given by the Court?

16. Do all of you realize that as a juror, in your deliberations as to guilt, you must not consider any possible punishment?

17. Have you or any of your friends or relatives ever had any unfavorable association or dealings with the United States Government? If so, who or what?

18. Do any of you have any convictions, whether they may be moral, religious, philosophical or otherwise that would prevent you from being a fair and impartial juror in this case or that would prevent you from sitting in judgment of another person?