IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:06-cr-0015-WHA |
| ) | |
| JERRY STINSON, ) | |
| ) | |
| Defendant. ) | |

**MOTION FOR DOWNWARD DEPARTURE**
**U.S. SENTENCING GUIDELINE § 5K2.12 – COERCION AND DURESS**

COMES NOW, Defendant Jerry Stinson, by and through his attorney, Richard K. Keith, and moves for a downward departure in his case under United States Sentencing Guidelines § 5K2.12.

The defendant would show that he was intimidated into testifying falsely at the Grand Jury by Auburn Police Investigator Willie James Smith. According to the affidavit of Mr. Stinson filed in the United States of America v. Tyrone White, (ATTACHED EXHIBIT A), Investigator Willie James Smith threatened to put him in jail unless "he told them what they wanted to hear" and therefore he made up a story about his giving Tyrone White money in exchange for getting charges dismissed.

The defense argues that the defendant was so intimidated by Investigator Smith that when he testified falsely to the Grand Jury that he acted under "incomplete duress", as is discussed in U.S. v. Nava-Sotelo, 232 F. Supp. 2d 1269, 1281 (N.M. 2002):

> B. *Incomplete Duress and Lesser Harms* The Sentencing Guidelines explicitly provide for a downward departure of coercion and duress played a part in the defendant's commission of the offense: If the defendant committed the offense because of serious coercion,

blackmail or duress, under circumstances not amounting to a complete defense, the court may decrease the sentence below the applicable guideline range. The extent of the decrease ordinarily should depend on the reasonableness of the defendant's actions and on the wxtent to which the conduct would have been less harmful under the circumstances as the defendant believed them to be. U.S.S.G. § 5K2.12 (2001). The basis for departure has been characterized as "incomplete duress" because it "was meant to apply precisely to those situations where a complete defense was not presnt." *United States v. Garza-Juarez*, 992 F.2d 896, 912 (9th Cir. 1993) (citations omitted); *see also United States v. Johnson*, 956 F.2d 894, 898 (9th Cir. 1992) ("Evidently the Commission had in mind the showing of duress less than what constitutes a defense to a crime; for if the defense were 'complete', there would have been no crime requiring a sentence."). This ground for departure is broader than the defense of duress, as it does not require immediacy of harm or inability to escape, and allows the district court to consider the subjective mental state and personal characteristics of the defendant in its determination. *United States v. Henderson-Durand*, 985 F.2d 970, 976 (8th Cir. 1993). Moreover, in order to find incomplete duress, the Court need not find the offense to have been involuntary."

Wherefore, the defendant requests a downward departure based upon "incomplete duress".

Respectfully submitted this 19th day of September, 2006.

        s/ Richard K. Keith
        **RICHARD K. KEITH (KEI003)**
        Attorney for Defendant
        **KEITH & DUBIN, P.C.**
        22 Scott Street
        Montgomery, AL  36104-4012
        Telephone: (334) 264-6776
        Facsimile:  (334) 265-5362

## CERTIFICATE OF SERVICE

     I hereby certify that on September 19, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

K. David Cooke, Jr., AUSA
Post Office Box 197
Montgomery, AL 36101-0197

                                                    s/ Richard K. Keith
                                                    **OF COUNSEL**